IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TZDIQUAH BAH'T YISRA-EL,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) CIVIL NO. 11-417-GPM |
| **STATE OF ILLINOIS and ST. CLAIR COUNTY CIRCUIT COURT,** | ) ) ) ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court are Plaintiff, Tzdiquah Bh't Yisra-El's, motions for leave to proceed *in forma pauperis* ("IFP") (Doc. 2) and for service of process at the Government's expense pursuant to Federal Rule of Civil Procedure 4(c)(3) (Doc. 3). As the requisite fees are unpaid and as Mr. Yisra-El's motion for IPF remains pending, the complaint is not yet deemed "filed." *Williams-Guice v. Board of Education of City of Chicago,* 45 F.3d 161, 162 (7th Cir. 1995). Mr. Yisra-El's motion for IFP is governed by 28 U.S.C. § 1915(e)(2)(B). *Gladney v. Pendleton Correctional Facility,* 302 F.3d 773, 775 (7th Cir. 2002). Section 1915(e)(2)(B)(ii) directs the Court to dismiss a case if at any time the Court determines that the action fails to state a claim on which relief may be granted. The Court has reviewed Mr. Yisra-El's complaint and concludes that such a dismissal is warranted in this case. Plaintiff fails to state a claim on which relief may be granted. The action is therefore **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the pending motions will be denied as moot. *See Torain v. Ameritech Advanced Data Services of Illinois, Inc.,* No. 08-

3346, 2009 WL 899958, at *1 (7th Cir. April 1, 2009).

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic Corp. V. Twombly,* 550 U.S. 544, 570 (2007). Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility." *Iqbal,* 129 S.Ct. at 1949. While "[s]pecific facts are not necessary," the pleaded facts must "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007). The Seventh Circuit has succinctly elucidated post-*Twombly* pleading standards:

> So, what do we take away from *Twombly, Erickson,* and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). "[T]he plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened" *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010) (emphasis in original). Pro se complaints, such as Mr. Yisra-El's, are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009). However the complaint must still "actually *suggest* that the plaintiff has a right to relief." *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services, Inc.,* 536 F.3d 663, 668 (7th Cir. 2008), *citing Tamayo v. Blagojevich,* 526 F.3d 1074, 1081

(7th Cir. 2008) (emphasis in original).

Mr. Yisra-El's complaint does not meet these requirements. The complaint is a copy of a one-page notarized letter from Mr. Yisra-El to the State of Illinois and the Saint Clair County Circuit Court, titled a "Letter of Daragatory." The letter is addressed from the "Mississippian Moors Temple" of the "Moorish Holy Temple of Science of the World" and *seems* to seek "the release" of one De'Treshaun Jaron Kizer. The complaint does list Mr. Kizer's social security number and a case number (presumably a Saint Clair County case number). The complaint was filed with two attachments: a "demand for bill of particulars" and an "affidavit of fact," neither of which provide facts or clear allegations. There is no explanation of who Mr. Kizer is or how a suit against Defendants might effect his 'release.' The complaint does not explain where or from what Mr. Kizer should be released from. It does state that Mr. Kizer is "now a reclaimed child of his Moorish Autonomous and Indigenous Nation [and] is NO LONGER A WARD OF THE STATE NOR A 14TH AMENDMENT CITIZEN." The complaint alleges that Defendants have failed to "respond" within thirty days. There is no mention of what Defendants have failed to respond *to*, but, according to the complaint, their alleged failure to "respond" violates "The Treaty of 1787 of Morocco and the United States [and] Racketeering, Extortion, Embezzlements, Fraud, Slavery and Kidnapping (sic) of an Indigenous Moorish Sovereign and Autonomous Native of this land (see 25 U.S.C.A. 1901-1963)." The complaint cites the United States statutes related to child welfare of Native American Indians. Those statutes relate to "Indians," defined as members of "any Indian tribe, band, nation, or other organized group or community, including any Alaska Native village…which is recognized as eligible for the special programs and services provided by the United States to Indians because of their status as Indians." 25 U.S.C. § 450(b). The Court is not aware that members of the Moorish

Science Temple are "Indians" under the statute. By citing the child welfare sections of the Indian statutes, the Court might deduce that Mr. Kizer is a juvenile, but such guesswork is not the province of the Court nor should it be expected of the Defendants. The complaint certainly does not provide notice to Defendants of Mr. Yisra-El's claim. It is not clear what relief Mr. Yisra-El seeks.

The complaint fails to meet the standard of Federal Rule of Civil Procedure 8, and will consequently be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

DATED: June 9, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge